UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FIRUZKHON AKHMADOVICH ABBOSOV,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26-CV-699-CCB-SJF |

**OPINION AND ORDER**

Firuzkhon Akhmadovich Abbosov, an immigration detainee representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2. The Warden has answered the petition, and Abbosov has filed a reply and a supplemental reply. ECF 11, ECF 13, ECF 14. The petition is ready to be decided.

BACKGROUND

Abbosov is a native and citizen of Uzbekistan. ECF 11-1 at 5. He entered the United States with his wife and child in 2023 without admission or inspection. *Id.* at 6, 12. He was arrested by border patrol agents after crossing the border and was released days later after being issued a Notice to Appear. *Id.* at 6. The Notice to Appear charged him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled or for arriving in the United States at a time or place other than as designated by the Attorney General. *Id.* at 1-3.

On May 7, 2025, Abbosov was arrested in New York and charged with second degree assault. ECF 11-1 at 6. A few days later, he was detained pursuant to an arrest warrant by Immigration and Customs Enforcement (ICE) on May 12, 2025, when he reported to the New York City Field Office for an immigration check-in. *Id.* at 6, 10. That same day, ICE conducted a custody determination and decided that Abbosov would remain detained pending the outcome of his removal proceedings. *Id.* at 9.

On October 14, 2025, an immigration judge ordered Abbosov removed to Uzbekistan but granted him withholding of removal under 8 U.S.C. § 1231(b)(3). ECF 11-1 at 11-26. As a result, Abbosov cannot be removed to Uzbekistan. Neither the government nor Abbosov appealed the withholding of removal order.

On May 21, 2026, Abbosov filed this habeas petition, arguing that his continued detention was unlawful because he had been detained for more than six months after his removal order became final and his removal was not reasonably foreseeable. He argued his removal was not reasonably foreseeable because he cannot be removed to Uzbekistan due to the grant of withholding, and ICE has not identified a possible third country for removal. He asserted that he submitted Tajikistan and Kazakhstan as possible countries for his removal, but ICE was unable to obtain travel papers to those countries.

In answering the petition, the Warden provided an affidavit from a deportation officer, detailing the steps that have been taken towards Abbosov's removal. The officer attests that on June 6, 2026, ICE Enforcement and Removal Operations (ERO) contacted

the Central African Republic in order to effectuate a third country removal for Abbosov, but was unsuccessful in doing so. ECF 11-2 at 3.

In reply, Abbosov notes that there have not been any further steps taken towards his removal since the unsuccessful attempt in June 2026.

SUBJECT MATTER JURISDICTION

The Warden first argues that the court lacks subject matter jurisdiction over Abbosov's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g))

MERITS

Regarding the merits of the petition, the Warden first argues that Abbosov's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the 90-day "removal period,"[1] which for Abbosov ended on February 11, 2026, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Because Abbosov did not appeal the removal order to the Board of Immigration Appeals (BIA), his removal order became administratively final 30 days after it was issued, when the time to appeal expired. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025).

reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." Id. at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

Because Abbosov has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. Abbosov has established good reason to believe that his removal is not reasonably foreseeable—namely that he has been granted withholding of removal to Uzbekistan and ICE has made no progress in identifying a third country for removal. The government has not rebutted this showing. The government's response shows that ICE is making efforts towards finding a third

country for Abbosov's removal, but now, more than ten months after his removal order became final, no concrete progress has been made. Nor have respondents provided any hope that a third country might agree to accept Abbosov. ICE's attempt to remove Abbosov to the Central African Republic was unsuccessful, and ICE reports no efforts to obtain travel documents from Kazakhstan or Tajikistan, at the request of Abbosov. The government has failed to show reason to believe additional attempts will provide a reasonably foreseeable removal.

Consequently, the court finds that respondents have not adequately demonstrated that Abbosov's removal is reasonably foreseeable. Therefore, he must be released, though removal efforts may continue after his release.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 2) and **ORDERS** the respondent to release Firuzkhon Akhamodovich Abbosov on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **September 14, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

S SO ORDERED on September 11, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT